# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY D. HELVEY, | ) |
|       Plaintiff, | ) |
| vs. | ) |
| | ) Case No. CIV-10-358-W |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
|       Defendant. | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff filed his application for DIB on June 16, 2003 alleging a disability since January 10, 2002 (TR. 62-64). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 32, 33). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on March 29, 2005 (TR. 312-346). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 315-341). A vocational expert (VE) testified at the request of the ALJ (TR. 341-345). The ALJ issued her decision on January 25, 2006 finding that Plaintiff was not entitled to DIB (TR. 20-31). The Appeals Council denied the Plaintiff's request for review on May 31, 2006, and thus, the decision of the ALJ became the final decision of

the Commissioner (TR. 12-14). Plaintiff appealed to the District Court which remanded the case back to the Commissioner for further development (TR. 367-374).

A supplemental hearing was held on April 8, 2008 (TR. 764-796). The Plaintiff appeared in person and with his non-attorney representative and offered his testimony in support of the application (TR. 350, 767-789). A vocational expert (VE) testified at the request of the ALJ (TR. 790-794). The ALJ issued her decision on December 9, 2009 finding that Plaintiff was not entitled to DIB (TR. 350-366). Plaintiff declined to file exceptions with the Appeals Council and the Appeals Council did not assume jurisdiction on its own motion, therefore the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process

2

continued (TR. 354). At step two, the ALJ concluded that Plaintiff's degenerative disc disease, obesity and hypertension were severe impairments (TR. 355). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 357). At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work (PRW) (TR. 363).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform a limited range of light work (TR. 359-360). The ALJ considered the testimony of the VE and determined there were jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 364). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 366).

On appeal to this Court, Plaintiff argues that the ALJ committed reversible error by (I) failing to itemize Plaintiff's specific mental limitations; and by (II) failing to obtain the reports providing the reasoning supporting the VA disability determination.

## I.

Plaintiff urges that the ALJ erred in failing to itemize Plaintiff's mental limitations and include those limitations in Plaintiff's RFC as required by *Dorman v. Astrue*, 368 Fed. Appx. 864, No. 09-5055, (10th Cir. 2010) (See Plaintiff's Brief at pages 18-21). Plaintiff does not argue that he had severe mental impairments or that the ALJ erred in her step two finding, but rather that the ALJ erred in not including Plaintiff's "mild restrictions in the activities of daily living, mild difficulties in maintaining social functioning, and mild deficiencies of concentration, persistence or pace" in the RFC assessment (See Plaintiff's Brief at pages 18-19) (TR. 193, 195).

An ALJ's RFC finding need only include limitations the medical evidence supports. *See Qualls v. Apfel*, 206 F.3d 138, 1372 (10th Cir. 2000). The ALJ specifically considered the findings of agency physician, Sally Varghese, M.D., expressed in the Psychiatric Review Technique form (PRT) and found in her decision that

> The claimant has no major areas of mental functioning limited to a "marked" degree. The claimant does not meet the "B" or the "C" criteria for a listed mental impairment. The claimant does not have more than "mild" limitations, and his mental impairments are not "severe" [20 C.F.R. §404.1520a(d)(1)]. Therefore, the following residual functional capacity assessment reflects the degree of limitation the Administrative Law Judge has found. The "B" and "C" criteria for mental impairments do not result in further work-related limitations of functions in the residual functional capacity assessment

(TR. 359). Because the ALJ's RFC accounted for all impairments which resulted in work-related limitations, she was not required to include additional limitations in the RFC. *See Qualls*, 206 F.3d at 1372.

Plaintiff also argues that *Dorman* states that it is "reversible error for the ALJ to find a claimant had mental limitations, albeit mild ones, as part of his PRT analysis and then not include any specific mental limitations in his RFC assessment" (See Plaintiff's Brief at page 19). Plaintiff severely misrepresents the holding in *Dorman*, as follows:

> Because the record before us lacks evidence that Mr. Dorman is capable of the *mental* demands of his past relevant work, the Commissioner's determination is not supported by substantial evidence and cannot be sustained. Our conclusion in this case parallels conclusions we have reached in several prior cases. *See, e.g.*, *Frantz v. Astrue*, 509 F.3d 1299, 1303-04 (10th Cir. 2007) (remanding for "fail[ure] to determine and then make findings regarding the mental demands of [the claimant's] past relevant work"); *Bridgeman v. Chater*, 1997 WL 174113, at *2 (10th Cir. Apr. 10, 1997) (unpublished) (finding no substantial evidence where
> "the record contains no evidence regarding the mental demands of the claimant's former occupation"); *Frederick v. U.S. Dep't of Health & Human Servs.*, 1995 WL 243437, at *1 (10th Cir. Apr. 26, 1995) (unpublished). That being said, we find none of Mr. Dorman's remaining challenges to the Commissioner's determination availing. So, while this matter must be remanded, the remand is limited to assessing the mental demands of Mr. Dorman's past relevant work and his capacity to fulfill them.

4

*Dorman* and the cases cited within *Dorman* by Plaintiff clearly apply only to step four cases where the mental demands of the claimant's PRW are concerned. Plaintiff's counsel is admonished to avoid such blatant misrepresentations in the future.

Thus, it appears that the ALJ's RFC assessment is supported by substantial evidence; and that the ALJ properly excluded from the RFC, Plaintiff's "mild" mental impairments because they did not result in further work-related limitations of functions.

**II.**

In January 2004, the Veterans Administration ("VA") determined that Plaintiff was entitled to a 60% disability rating effective August 29, 2002 (TR. 302). In November 2004, the VA determined that Plaintiff was "entitled to receive compensation at the 100% rate because you are unemployable due to service-connected disability" (TR. 105).

An ALJ must consider a VA disability rating in making her decision. *Baca v. Dept. of HHS*, 5 F.3d 476, 480 (10th Cir. 1993). "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." *Id*. Plaintiff has been evaluated for disability by the VA continuously from 2002 to the present (TR. 302-305, 106-178). It appears that Plaintiff was determined to be 100% disabled prior to expiration of his insured status (TR. 105, 22). The rating may provide evidence that Plaintiff is disabled within the meaning of the Social Security Act.

In her decision the ALJ considered Plaintiff's VA disability rating and provided adequate reasoning for according it little weight (TR. 362-363). In particular, the ALJ reasoned that the VA award was based in part on the concept of "unemployability" which is not the same as Social Security Disability; that "examinations showed that the claimant had normal strength and could walk well"; and that a physician of Plaintiff questioned the Plaintiff's credibility in 2006 (TR. 363).

Plaintiff also argues that the ALJ failed in her duty to adequately develop the record and obtain the medical evidence underlying the VA disability rating. The ALJ has the duty to develop the

5

record relating to the other agency's disability findings. *Baca* at 479-480. The *Baca* court stated that even though a Social Security claimant has the burden of providing medical evidence establishing disability, "the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Baca* at 479-480. (citations omitted).

In her decision the ALJ stated that she attempted to obtain additional records (TR. 361). Since the first decision of the ALJ in January 2006, it appears that over 300 pages of Veterans Administration Medical Center records have been added to the certified transcript of this proceeding and considered by the ALJ (TR. 409-762, 352, 356-357). Plaintiff suggests that "it does not appear that the ALJ made any independent effort to obtain the missing reports" (See Plaintiff's Brief at page 22). On the contrary, the ALJ decision reflects that such an effort was made (TR. 361).

Thus, it appears that in her decision the ALJ adequately stated her reasoning, specific to Plaintiff's case, for offering "little weight" to Plaintiff's 100% VA disability rating; and also satisfied her duty to fully and fairly develop the record as to material issues by attempting to obtain the medical evidence underlying Plaintiff's VA disability rating.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 4th day of April 2011.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE